UNITED STATES of America

v.

Sandro Antonio VARGAS, Appellant.

No. 06–1368.

United States Court of Appeals,
Third Circuit.

March 23, 2007.

Daniel A. Velez, Office of United States Attorney, Philadelphia, PA, for Appellee.

Elizabeth T. Hey, Philadelphia, PA, for Appellant.

Present SCIRICA, Chief Judge, SLOVITER, McKEE, RENDELL, BARRY, AMBRO, FUENTES, SMITH, FISHER CHAGARES, JORDAN, VAN ANTWERPEN* and SILER,** Circuit Judges.

SUR PETITION FOR REHEARING WITH SUGGESTION FOR REHEARING EN BANC

FRANKLIN S. VAN ANTWERPEN, Circuit Judge.

The petition for rehearing filed by Appellant having been submitted to all judges who participated in the decision of this court, and to all the other available circuit judges in active service, and a majority of the judges who concurred in the decision not having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court en banc, the petition for rehearing is hereby denied. Judge Ambro concurs in the denial of the petition and has filed a separate concurrence.

AMBRO, Circuit Judge, concurring sur denial.

I concur in the Court's denial of rehearing en banc, but write specially to emphasize what I perceive the panel did and, more importantly, did not hold in this case. After recognizing the limited scope of the panel opinion, its holdings do not conflict with United States v. Gunter, 462 F.3d 237 (3d Cir.2006), as argued in the Petition for Rehearing En Banc.

The panel here made two relevant holdings: (1) that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable," 477 F.3d 94, Slip Op. at 10–11; and (2) that "any sentencing disparity authorized through an act of Congress cannot be considered 'unwarranted' under [18 U.S.C.] § 3553(a)(6)," 477 F.3d 94, Slip Op. at 11. I consider these to be correct statements of the law and fully compatible with our holding in Gunter.

As to the first holding, we said in Gunter that "a sentencing court errs when it believes it has no discretion to consider the crack/powder cocaine differential incorporated in the Guidelines." 462 F.3d at 249. Nothing in Gunter, though, established a rule that sentencing courts must account for every arguable infirmity in the Guidelines; rather, it affirmed the inverse rule—flowing directly from United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)—that those courts may do so if they are persuaded that the Guidelines do not sufficiently effect the goals of sentencing set out in § 3553(a). In short,

---

* Honorable Franklin S. Van Antwerpen vote limited to panel rehearing only.

** *Honorable Eugene E. Siler, Senior Judge for the Sixth Circuit, sitting by designation, vote limited to panel rehearing only.

 

*Booker* does not require sentencing courts to vary from the Guidelines range, but merely allows the practice.

The second holding is likewise not in conflict with *Gunter*. The panel here held only that a sentencing court may not, in the fast-track context, rely on § 3553(a)(6)'s reference to "unwarranted sentence disparities" to justify a sentence that varies from the advisory Guidelines range. *See* 477 F.3d 94, Slip Op. at 11. This, however, does not preclude any of the other factors listed in § 3553(a) from serving as a basis for a variance from the advisory Guidelines range. For example, § 3553(a)(1) requires that a sentencing court consider "the history and characteristics of the defendant." Under this provision, consideration of an individual defendant's early plea of guilty and waiver of various procedural rights—facts which are the basis of a § 5K departure motion in fast-track districts—is yet permissible when a district court is exercising its discretion at *Gunter's* step three. *See United States v. Fernandez,* 443 F.3d 19, 33–34 (2d Cir.2006) (explaining that § 3553(a)(1) can serve as a basis for a varied sentence even when the Government does not make a § 5K departure motion).

*Gunter* held that a district court errs when it believes it may not vary from the advisory Guidelines range at step three. 462 F.3d at 249. It also held that when sentencing policy is expressed in the Guidelines, courts of appeals likewise may not enforce (at step three) the strict implications of that policy on the length of a defendant's sentence, but instead may only review for ultimate reasonableness. *Id.* at 248. If it were otherwise, the Guidelines would not be truly advisory, as *Booker* requires. I do not read the panel opinion here to be in conflict with *Booker* or *Gun-*

*ter,* and I thus concur in the denial of rehearing *en banc*.